**PRIMERA MARITIME LIMITED, Astra Finance Inc. and Comet Finance Inc., Plaintiffs–Appellants,**

v.

**JIANGSU EASTERN HEAVY INDUSTRY CO. LTD. and Ningbo Ningshing International Inc., Defendants–Appellees.**

No. 09–0642–cv.

United States Court of Appeals, Second Circuit.

Dec. 4, 2009.

Jack A. Greenbaum, Blank Rome LLP, New York, NY, for Plaintiffs–Appellants.

Present: WILFRED FEINBERG, WALKER and ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

Plaintiffs–Appellants ("Primera") appeal from a Memorandum Opinion and Order, dated January 30, 2009, of the District Court for the Southern District of New York (Koeltl, J.), dismissing their complaint for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts and procedural history of the case.

For a century and a half it has been the Supreme Court's rule that a dispute arising from a contract to build a ship does not fall within the federal courts' admiralty jurisdiction. *Thames Towboat Co. v. Francis McDonald,* 254 U.S. 242, 244, 41 S.Ct. 65, 65 L.Ed. 245 (1920); *People's Ferry Co. v. Beers,* 61 U.S.(20 How.) 393, 402, 15 L.Ed. 961 (1857). This Court has long held the same. *CTI–Container Leasing Corp. v. Oceanic Operations Corp.,* 682 F.2d 377, 380 n. 4 (2d Cir.1982); *The Ada,*

250 F. 194, 198 (2d Cir.1918) (Rogers, J., concurring).

Primera argues that this rule has been implicitly overruled by recent decisions of both the Supreme Court and this Court. *See Norfolk S. Ry. Co. v. James N. Kirby, Pty Ltd.*, 543 U.S. 14, 125 S.Ct. 385, 160 L.Ed.2d 283 (2004); *Folksamerica Reinsurance Co. v. Clean Water of New York, Inc.*, 413 F.3d 307 (2d Cir.2005). Primera is correct to point out that the conceptual approach taken in those cases suggests that modern principles disfavor per se admiralty rules based on the site of a contract's formation or performance. *See Norfolk S. Ry. Co.*, 543 U.S. at 24, 125 S.Ct. 385; *Folksamerica*, 413 F.3d at 314–15.

Such arguments, however, do not relieve this Court of its obligation to apply the well-established rule that directly controls the outcome of this case. *See Rodriguez de Quijas v. Shearson/American Exp., Inc.*, 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989); *United States v. Gomez*, 580 F.3d 94, 104 (2d Cir.2009). Until the Supreme Court declares that contracts for ship construction are maritime in nature, disputes arising from such contracts will not give rise to the federal courts' admiralty jurisdiction. Accordingly, we **AFFIRM** the judgment of the District Court.